IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-00976-PAB

DURELL J. JOHNSON, an individual,
MARVIN WEBB, an individual,

  Plaintiffs,

v.

DARIN C. DICKEY, an individual,
3D Gas, LLC, a Colorado company,
RANDALL "JACK" RYSER, an individual,
TUMBLEWEED EQUITY HOLDINGS, LLC, a Colorado company,
TUMBLEWEED MIDSTREAM, LLC, a Colorado company,

  Defendants.

## ORDER TO SHOW CAUSE

  The Court takes up this matter *sua sponte* on the Complaint [Docket No. 1] filed by plaintiffs on April 21, 2022. Plaintiffs assert that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 5, ¶ 24.

  In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their

own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiffs assert that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Docket No. 1 at 5, ¶ 24. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts as presently alleged are insufficient to establish the citizenship of defendants Tumbleweed Midstream, LLC ("Tumbleweed"), Tumbleweed Equity Holdings, LLC ("Tumbleweed Equity"), and 3D Gas, LLC ("3D Gas").

The complaint alleges that Tumbleweed "is a limited liability company formed in Colorado" with a "principal address" in Colorado. Docket No. 1 at 4, ¶¶ 15-16. The complaint alleges that Tumbleweed Equity is "a Colorado limited liability company" with

a "principal address" in Colorado. *Id.*, ¶ 17. The complaint alleges that 3D Gas "is a Colorado limited liability company" with a "principal business address" and "a mailing address" in Colorado. *Id.* at 3, ¶ 12. Unlike a corporation, whose citizenship is determined in part by its state of incorporation, the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). Plaintiffs have not identified all of the members of any of the LLC defendants. Although plaintiffs mention various members of Tumbleweed, *see* Docket No. 1 at 2, ¶ 3, it is unclear how plaintiffs use the term "members," in contrast to those "holding an equity position," *id.* at 4, ¶ 18, in Tumbleweed, for jurisdictional purposes and, in any event, plaintiffs fail to identify all the members of Tumbleweed. Rather, plaintiffs' statement that "[d]efendants are all citizens of Colorado," *id.*, ¶ 19, is a conclusory allegation that is insufficient for the Court to determine the LLCs' citizenship. *See Den 8888, LLC v. Navajo Express, Inc.*, No. 21-cv-00321-STV, 2021 WL 463623, at *3 (D. Colo. Feb. 9, 2021); *U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006)); *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015) (unpublished) ("[W]e have observed that the appropriate tests for citizenship involve tracing [entities'] citizenships down the various organizational layers where necessary." (internal citation omitted)); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's

diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company.  And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] party must list the citizenships of all the members of the limited liability company.").

Because the allegations are presently insufficient to allow the Court to determine the citizenship of defendants Tumbleweed, Tumbleweed Equity, and 3D Gas, and therefore whether the Court has jurisdiction, it is

**ORDERED** that, on or before **April 27, 2022**, plaintiffs shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED April 22, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge